895 F.2d 1421
 14 U.S.P.Q.2d 1671
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Irvin D. STAGNER, Plaintiff-Appellant,
v.
UNITED STATES PATENT & TRADEMARK OFFICE, Commissioner of
Patents, Donald Quigg, Deputy Assistant Commissioner, James
E. Denny, Petition Examiner, Jeffrey V. Nase, Director of
Patent Examining Group 320, Samih N. Zaharna, Supervisor of
Patent Examining Group 320, Frederick R. Schmidt, Patent
Examiners of Group 320, James G. Smith and Debra Meislin,
Defendants-Appellees.
 No. 89-1724.
 United States Court of Appeals, Federal Circuit.
 Jan. 25, 1990.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The June 29, 1989, Memorandum and Order of the United States District Court for the District of Kansas, granting summary judgment against plaintiff-appellant, Irvin D. Stagner, in three consolidated cases, Stagner v. United States Patent and Trademark Office, 11 USPQ2d 1553 (D.Kan.1989), is affirmed.
 
 OPINION
 
 2
 The present action arises from a lengthy history of patent prosecution in the United States Patent and Trademark Office (PTO) by appellant, proceeding pro se. Following the PTO proceedings, he filed three civil actions in the United States District Court for the District of Kansas. In an initial decision of May 6, 1988, the district court dismissed the suit for lack of jurisdiction. Stagner v. United States Patent and Trademark Office, 8 USPQ2d 1173 (D.Kan.1988). Since Mr. Stagner failed to exhaust his administrative remedies, the district court determined it had no jurisdiction.
 
 
 3
 However, on reconsideration, the district court determined that it had jurisdiction over Stagner's due process claim based on 28 U.S.C. Sec. 1338, covering all actions arising under the patent laws, and 28 U.S.C. Sec. 1361 covering actions for mandamus.
 
 
 4
 In its reconsideration decision, the district court granted summary judgment against Stagner in the three consolidated cases. Stagner v. United States Patent and Trademark Office, 11 USPQ2d 1553 (D.Kan.1989). The present appeal, which is from that decision, was transferred to this court from the Tenth Circuit.
 
 
 5
 We agree with the district court's determination that "the plaintiff has failed to allege any instances in which the patent procedure denied him due process, or any situation in which the Commissioner acted arbitrarily, capriciously, or contrary to law." See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Mr. Stagner has failed to establish any ground for reversing the court's decision and we find none.
 
 
 6
 Mr. Stagner argues that the district court, "wrongly construed the complaints and the amended complaints filed by the plaintiff-appellant against the defendants-appellees into a merit issue from a clear procedure issue." However, as the district court correctly observed in its decision of May 6, 1988, "the gist of plaintiff's complaint is that he was unlawfully deprived of the issuance of a patent and wishes this court to review the denial." Moreover, a review of appellant's amended complaint shows that his basic contention is that the PTO examiner wrongfully and erroneously rejected his applications for a patent. Thus, Mr. Stagner's dispute with the examiner's grounds for rejection are disputes on the merits of his applications. Although Mr. Stagner's suits in the district court were premature, the thorough and well-reasoned opinions of that court show that he was accorded all the rights to which he was entitled as a pro se plaintiff.
 
 
 7
 Finally, we note that our decision in this appeal does not leave Mr. Stagner without a remedy. His fourth patent application is still pending in the PTO. If it is finally rejected by the examiner, he can appeal within the PTO and if dissatisfied with that decision, he can seek judicial review pursuant to either 35 U.S.C. Sec. 141 or Sec. 145.